[16] This appeal presents for our consideration the question of whether a duly licensed drug store operated in a dry territory can be classed as a "Blind Tiger" when intoxicating liquor is kept there for sale under a permit granted by the state in accordance with the specific provisions of the Local Option Law.
[17] A "Blind Tiger" is defined in Section 1 of Act 8 of the Extra Session of 1915 to be any place, whether connected with another business conducted at that place or not, "in those subdivisions of the State where the sale of spirituous, malt or intoxicating liquors is prohibited, where such spirituous, malt or intoxicating liquors are kept for sale, barter, or exchange or habitual giving away". The keeping of a "Blind Tiger" is denounced in Section 2 as a misdemeanor and is made punishable by fine and imprisonment in Section 4. (Italics ours.)
[18] Obviously, in order for the "Blind Tiger" act to be effective, the sale of intoxicating liquor must be prohibited in the locality where it is sought to be enforced. It was thus inoperative following the repeal of the 18th Amendment to the Constitution of the United States and the adoption of Act 1 of the Extra Session of 1933 in conformity with this amendment, when the sale of liquor was permitted throughout the entire state, and it remained inoperative (except in certain cases that are not pertinent here) until the legislature, in the exercise of its police power, sought to regulate and license the sale of malts and intoxicating liquors by its adoption of Act 2 of the Extra Session of 1933 and Act 15 of 1934, providing that the sale of beer and intoxicating liquor would be permitted and licensed throughout the state except in those subdivisions that had been declared dry territories pursuant to a referendum held under the provisions of these acts. Subsequently, in a special act that is known as the Local Option Law, the legislature at the 1st Extraordinary Session of 1935 detailed in its Act 17 the procedure to be followed in conducting such referendums and the effect thereof, authorizing the authorities of such subdivisions to adopt ordinances prohibiting the sale or keeping for sale of intoxicating liquors for beverage purposes in those territories where the referendum has been successful. In Section 2 of the act, however, it is provided that "this Act shall not authorize the prohibition of the sale of such liquors when prescribed by a licensed physician as medicine", and Section 3 expressly authorizes the state to grant permits or licenses for the sale of these liquors by druggists when they are prescribed as a medicine by a licensed physician.
[19] Clearly, therefore, a drug store that is keeping
intoxicating liquors on its premises under a permit issued by the state in compliance with the provisions of this Local Option Law is doing so under the specific provisions of the very law that renders possible the designation of municipalities and other subdivisions of the state as dry territories, and, in our opinion, such a drug store by its possession and keeping of these intoxicating liquors for sale under such a permit cannot be said to be violating any law and cannot be classed as a "Blind Tiger."
[20] The abuse of such a license or permit, that is, the sale of intoxicating liquors by a licensed pharmacist employed by the owner of a drug store — or by the owner himself if he be a party to the transaction — on a prescription of a physician that was not issued in good faith, violates the Local Option Law itself and, under the express terms of this law, is punishable as such. In other words, the fact that there has been a violation of the law by the illegal sale of intoxicating liquors that are legally kept on the premises for sale for medicinal purposes, cannot render the premises themselves a "Blind Tiger." The offender in such cases is subject to prosecution as a violator of the parish ordinance, the municipal ordinance, or of the state law.
[21] To hold otherwise would render all drug stores in dry territories holding such permits prima facie "Blind Tigers," destroying the presumption of innocence and compelling the owners thereof, when charged, to show by way of defense the good faith of each and every sale made under a doctor's prescription of the intoxicating liquor that was on the premises with the express permission of law. This was never the intention of the legislature.
[22] For the reasons assigned, the conviction and sentence are annulled and set aside and it is now ordered that the defendant be discharged and that the intoxicating liquor seized on the premises be released.
[23] HAMITER, J., concurs and assigns written reasons.
[24] HAWTHORNE and McCALEB, JJ., dissent and assign written reasons.